**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

PHIL GARCIA

Plaintiff,

v.

PACIFIC SPECIALTY INSURANCE COMPANY and VIKING INSURANCE COMPANY OF WISCONSIN d/b/a SENTRY INSURANCE

Defendants.

**NOTICE OF REMOVAL**

**TO: HONORABLE JUDGES OF THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO**

Defendant VIKING INSURANCE COMPANY OF WISCONSIN ("Viking") (improperly captioned as d/b/a SENTRY INSURANCE, , pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1446(a), files this Notice of Removal of the above styled case from the District Court, Denver County, Colorado to the United States District Court for the District of Colorado, and respectfully submits the following:

**I.   INTRODUCTION**

1.   Plaintiff, filed his Complaint on April 11, 2012, alleging entitlement to underinsured motorist benefits pursuant to an insurance policy with Defendant Viking. Plaintiff claims similar relief against Co-Defendant Pacific Specialty Insurance Company. Defendant Viking was not served with the Complaint until April 17, 2012 by service to the Colorado Division of Insurance and did not receive actual notice of suit until April 30, 2012. Plaintiff

alleges personal injury damages from an automobile accident allegedly caused by James Hendricks who is not a party to this action. *See* Plaintiff's Complaint, Exhibit A.

2. The permitted time period for removal has not yet passed therefore this Notice of Removal is timely filed. 28 U.S.C. § 1446(b).

3. The District Court of Colorado has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that this is a civil action between citizens of different states and the matter in controversy allegedly exceeds the sum of $75,000, exclusive of interests and costs.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the District Court of Denver County, Colorado are appended to this Notice as Exhibits A.

5. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action is pending.

6. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be filed promptly with the District Court Clerk for Denver County, Colorado pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal to Federal Court is attached hereto as Exhibit A.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Plaintiff is and was at the commencement of this action a resident of Colorado. *See* Plaintiff's Complaint at ¶ 1, attached as part of Exhibit A.

8. Defendant Pacific Specialty Insurance Company is not a resident of Colorado. Its principal place of business is California. Viking is not a resident of Colorado, and is a

Wisconsin corporation with its principal place of business in Wisconsin.

### III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9.    A federal court has diversity jurisdiction when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221 (10th Cir. 2001). When the amount in controversy cannot be determined by the allegations in the complaint, the Tenth Circuit requires that the party requesting removal assert the underlying facts supporting the amount in controversy in the notice of removal. *Id*.

10.    Plaintiff's Complaint seeks $125,000 from the two defendants as personal injury damages from the auto accident, interest, and costs. Plaintiff indicated in the state court civil cover sheet, included in Exhibit A, that damages claimed in this matter exceed $100,000.

11.    Plaintiff's allegations of auto accident personal injury damages are the basis for meeting the requirement that the amount in controversy exceeds $75,000. Plaintiff's allegations in her Complaint alone, as well as the certification to the State Court that damages sought exceed $100,000, as they are serious in nature, establish the amount in controversy requirement. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883, (5th Cir. 2000) (stating that allegations of damages for medical expenses, pain and suffering, mental anguish, loss of wages and earning capacity satisfy "facially apparent" standard).

**WHEREFORE**, the Defendant, Viking Insurance Company of Wisconsin hereby removes the State Court action pending as case number 2012CV2234 in the District Court, Denver County, Colorado to the United States District Court for the District of Colorado.

**DATED** this 8th day of May, 2012.

Respectfully submitted,

s/ Arthur J. Kutzer
*Arthur J. Kutzer*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  303-320-0509

4

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of May, 2012, I electronically filed a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Durant D. Davidson, Esq.
litigation@mcdivittlaw.com

s/ Wanda J. Toney
Legal Secretary
