| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address: 1437 Bannock Street<br>Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Apr 11 2012 11:44AM MDT<br>Filing ID: 43610781<br>Review Clerk: Matthew Palmer |
| **Plaintiff(s): PHIL GARCIA,**<br><br>v.<br><br>**Defendant(s): PACIFIC SPECIALTY INSURANCE COMPANY and VIKING INSURANCE COMPANY OF WISCONSIN d/b/a SENTRY INSURANCE.** | ▲ **COURT USE ONLY** ▲ |
| Attorneys for The Plaintiff:<br><br>Name(s): Durant D. Davidson, #3964<br>Firm: MCDIVITT LAW FIRM, P.C.<br>Address: 19 East Cimarron Street<br>Colorado Springs, CO 80903<br>Phone Number: (719) 471-3700<br>Fax Number: (719) 471-9782<br>E-mail Address: litigation@mcdivittlaw.com | Case Number:<br><br>Div/Ctrm: |
| **PLAINTIFF'S CIVIL COMPLAINT** | |

COMES NOW the Plaintiff, Phil Garcia (hereinafter "Plaintiff"), by and through his attorney, MCDIVITT LAW FIRM, P.C., for his Complaint against the Defendants, Pacific Specialty Insurance Company (hereinafter "Defendant Pacific") and Viking Insurance Company of Wisconsin doing business as Sentry Insurance (hereinafter "Defendant Viking") (collectively "Defendants"), states as follows:

## GENERAL ALLEGATIONS

1. The Plaintiff is a resident of Colorado, with an address of 1270 South Utica Street, Denver, CO 80219.

2. Defendant Pacific, and at all times relevant hereto was, a foreign insurance corporation licensed to do business in the State of Colorado.



3.    Defendant Viking is, and at times relevant hereto was, a foreign insurance corporation licensed to do business in the State of Colorado.

4.    Defendant Pacific's principal place of business is 3601 Haven Avenue, Menlo Park, CA 94025.

5.    Defendant Viking's principal place of business is 1800 North Point Drive, Stevens Point, WI 54481.

6.    The Defendants are nonresidents of Colorado; therefore, pursuant to Colorado Rules of Civil Procedure ("C.R.C.P.") 98(c), venue is proper in Denver County.

7.    Defendant Pacific's registered agent is the Division of Insurance, 1675 Broadway, Suite 1200, Denver, CO 80202.

8.    Defendant Viking's registered agent is the Division of Insurance, 1560 Broadway, Denver, CO 80202

9.    Upon information and belief, the agent responsible for the accuracy of the reports filed for the Defendants are the Division of Insurance, 1560 Broadway, Denver, CO 80202.

10.    Prior to September 19, 2011, Defendants entered into a contract of automobile insurance with the Plaintiff.

11.    At all times relevant hereto, Defendant Pacific provided this automobile insurance coverage to the Plaintiff under a policy numbered ENT 1566551-01 (hereinafter the "Pacific policy"). The terms and conditions of said policy are incorporated herein as if set forth verbatim.

12.    At all times relevant hereto, Defendant Viking provided this automobile insurance coverage to the Plaintiff under a policy numbered 065980532 (hereinafter the "Viking policy") (collectively "policies"). The terms and conditions of said policy are incorporated herein as if set forth verbatim.

13.    Said Pacific policy was sold by Defendant Pacific and purchased and fully paid for by the Plaintiff.

14.    Said Viking policy was sold by Defendant Viking and purchased and fully paid for by the Plaintiff.

15.    The Pacific policy covered the Plaintiff's 2006 Harley Davidson motorcycle (vin ending in 8184).

16. The Viking policy covered the Plaintiff's 2001 Jeep Grand Cherokee (vin ending in 0532).

17. The Pacific policy contained "Uninsured Motor Vehicle Coverage."

18. The Viking policy contained "Uninsured Motor Vehicle Coverage."

19. "Uninsured Motor Vehicle Coverage," as defined by these policies, covers underinsured motor vehicles as well. Hereinafter, any reference to the word "underinsured" references by definition the term "uninsured," and any reference to the word "uninsured" incorporates by reference the term "underinsured."

20. The policy limits provided under the Pacific policy for underinsured motor vehicle coverage total $100,000.00 per accident.

21. The policy limits provided under the Viking policy for underinsured motor vehicle coverage total $25,000.00 per person, $50,000.00 per accident.

22. The tortfeasor, James Hendriks, (hereinafter "Mr. Hendriks"), at all times relevant hereto, was an underinsured motorist and driver of an underinsured motor vehicle that caused a collision with the Plaintiff, as more fully described hereinafter.

23. The Defendants' policies obligates the Defendants to pay to the Plaintiff any sum which he may be legally entitled to collect as damages against the owner or driver of the underinsured motor vehicle.

24. The Plaintiff and the Defendants have been unable to agree regarding the amount of damages sustained by the Plaintiff in the subject collision.

25. Plaintiff does not believe that the policies state any arbitration clause with regard to Plaintiff's underinsured motor vehicle coverage.

26. The Plaintiff therefore files this suit in District Court.

## FACTUAL ALLEGATIONS

27. On September 19, 2011, the Plaintiff was operating a 2006 Harley Davidson motorcycle (hereinafter "Harley") southbound on N. Quebec Street at approximately East 1st Avenue, in the County of Denver, State of Colorado.

28. At the same date and time, Mr. Hendriks, was operating a 1999 Chevrolet S10 pickup (hereinafter "Chevrolet") northbound on N. Quebec at approximately East 1st Avenue, in the County of Denver, State of Colorado.

29.    At said date and time, Mr. Hendriks negligently failed to yield right of way and entered the intersection of N. Quebec and East 1st Avenue.

30.    At said date and time, the front passenger side of Mr. Hendrik's Chevrolet struck the front of Plaintiff's Harley.

31.    At the said time and place, Mr. Hendriks owed a duty to the Plaintiff to drive his vehicle in a safe and prudent manner.

32.    The above mentioned collision was the result of Mr. Hendrik's breach of said duty due to his reckless, careless, negligent and unlawful operation of a motor vehicle.

33.    As a direct and proximate result of the negligence and carelessness of Mr. Hendriks, the Plaintiff suffered bodily injuries to his entire person including, but not limited to, injuries to his right eye, thumb, tooth, and mouth.  Some of these injuries are permanent in nature and constitute a permanent disability.

34.    As a further direct and proximate result of the negligence and carelessness of Mr. Hendriks, the Plaintiff has incurred bills for health care and treatment the reasonable value of which is in excess of $17,026.94 to date, and will incur additional such expenses in the future.

35.    As a further direct and proximate result of the negligence and carelessness of Mr. Hendriks, the Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, permanent physical pain and suffering, loss of the enjoyment of life, loss of earnings and earning capacity, loss of capacity to perform household work, inconvenience, permanent impairment and disability.

### FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim – Defendant Pacific)

36.    The Plaintiff incorporates by reference paragraphs 1 through 35 above, as if fully restated herein.

37.    The Plaintiff and Defendant Pacific cannot agree as to the damages which the Plaintiff is entitled to recover as his underinsured motorist benefits under his own insurance contract with Defendant Pacific.

38.    The Plaintiff suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision, as more fully alleged above in paragraphs 33, 34 and 35.

39.     The Plaintiff has made a demand for his underinsured motorist benefits but Defendant Pacific has failed or refused to pay the Plaintiff's said benefits.

40.     The Plaintiff's underinsured benefits are lawfully past due and owing to the Plaintiff.

41.     Defendant Pacific is legally required to pay compensatory damages to the Plaintiff that the Plaintiff is legally entitled to collect from Mr. Hendriks, the driver of the underinsured motor vehicle in the subject collision.

WHEREFORE, the Plaintiff requests that judgment be entered against Defendant Pacific for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – Defendant Pacific)

42.     The Plaintiff incorporates by reference paragraphs 1 through 41 above, as if fully restated herein.

43.     The Plaintiff is a first party beneficiary under the insurance policy in question.

44.     Pursuant to Colorado Revised Statute ("CRS") § 13-51-101, *et seq.*, and C.R.C.P. 57, the Plaintiff request this court to determine his rights under the underinsured motorist coverage in the policy for insurance referenced above and to find that the benefits are payable in full, subject to the policy limits.

WHEREFORE, the Plaintiff requests the Court to find that he is entitled to full benefits under the policy, and award Plaintiff attorney fees, costs, expenses and such further relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract – Defendant Pacific)

45.     The Plaintiff incorporates by reference paragraphs 1 through 44 above, as if fully restated herein.

46.     As stated in greater detail above, Defendant Pacific entered into a contract with the Plaintiff to pay to the Plaintiff any sum which he may be legally entitled to collect as damages against the owner or driver of the underinsured motor vehicle.

47.     The Plaintiff has performed all conditions precedent under this policy.

48.  Defendant Pacific has failed and refused to make payment in accordance with the express terms of the applicable insurance contract.

49.  Defendant Pacific breached their contractual duty owed to the Plaintiff.

50.  As a direct and proximate result of the breach by Defendant Pacific, the Plaintiff has suffered economic damages and/or losses.

51.  As a direct and proximate result of the breach by Defendant Pacific, the Plaintiff has suffered non-economic damages and/or losses.

WHEREFORE, the Plaintiff requests that judgment be entered against Defendant Pacific for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

## FOURTH CLAIM FOR RELIEF
### (Underinsured Motorist Claim-Defendant Viking)

52.  The Plaintiff incorporates by reference paragraphs 1 through 51 above, as if fully restated herein.

53.  The Plaintiff and Defendant Viking cannot agree as to the damages which the Plaintiff is entitled to recover as his underinsured motorist benefits under his own insurance contract with Defendant Viking.

54.  The Plaintiff suffered economic and non-economic losses and damages as a result of the above-described motor vehicle collision, as more fully alleged above in paragraphs 33, 34 and 35.

55.  The Plaintiff has made a demand for his underinsured motorist benefits but Defendant Viking has failed or refused to pay the Plaintiff's said benefits.

56.  The Plaintiff's underinsured benefits are lawfully past due and owing to the Plaintiff.

57.  Defendant Viking is legally required to pay compensatory damages to the Plaintiff that the Plaintiff is legally entitled to collect from Mr. Hendriks, the driver of the underinsured motor vehicle in the subject collision.

WHEREFORE, the Plaintiff requests that judgment be entered against Defendant Viking for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment-Defendant Viking)

58.   The Plaintiff incorporates by reference paragraphs 1 through 57 above, as if fully restated herein.

59.   The Plaintiff is a first party beneficiary under the insurance policy in question.

60.   Pursuant to Colorado Revised Statute ("CRS") § 13-51-101, *et seq.*, and C.R.C.P. 57, the Plaintiff request this court to determine his rights under the underinsured motorist coverage in the policy for insurance referenced above and to find that the benefits are payable in full, subject to the policy limits.

WHEREFORE, the Plaintiff requests the Court to find that he is entitled to full benefits under the policy, and award Plaintiff attorney fees, costs, expenses and such further relief as the Court deems proper.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract-Defendant Viking)

61.   The Plaintiff incorporates by reference paragraphs 1 through 60 above, as if fully restated herein.

62.   As stated in greater detail above, Defendant Viking entered into a contract with the Plaintiff to pay to the Plaintiff any sum which he may be legally entitled to collect as damages against the owner or driver of the underinsured motor vehicle.

63.   The Plaintiff has performed all conditions precedent under this policy.

64.   Defendant Viking has failed and refused to make payment in accordance with the express terms of the applicable insurance contract.

65.   Defendant Viking breached their contractual duty owed to the Plaintiff.

66.   As a direct and proximate result of the breach by Defendant Viking, the Plaintiff has suffered economic damages and/or losses.

67.     As a direct and proximate result of the breach by Defendant Viking, the Plaintiff has suffered non-economic damages and/or losses.

WHEREFORE, the Plaintiff requests that judgment be entered against Defendant Viking for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

Respectfully submitted this 11th day of April, 2012.

MCDIVITT LAW FIRM, P.C.

/s/ Durant D. Davidson
_____
Original signature on file pursuant to C.R.C.P. 121 § 1-26

**Durant D. Davidson, #3964**
MCDIVITT LAW FIRM, P.C.
19 East Cimarron Street
Colorado Springs, CO 80903
Phone: (719) 471-3700
ATTORNEYS FOR THE PLAINTIFF